IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL BEETZ III, Individually, as Trustee of the, | ) ) ) | |
| Plaintiff, | ) ) | 4:07CV3078 |
| v. | ) ) | |
| THOMAS AMBROSI, AMBROSI, DONAHUE, CONGDON, & Co., P.C., MAE BRADSHAW, MAE BRADSHAW, P.C., and LINDLEY BRIGGS, Individually, and as Trustee of the, | ) ) ) ) ) ) | MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS |
| Defendants. | ) ) ) | |

On March 26, 2007, the plaintiff, Paul Beetz III, filed a complaint against Defendants Thomas Ambrosi; Ambrosi, Donahue, Congdon & Co., P.C.; Mae Bradshaw; Mae Bradshaw, P.C.; and Lindley Briggs, both individually and as Trustee of the Jane Audrey Beetz Family Trust. (See filing 1.) The defendants have filed a "Joint Motion to Dismiss" the complaint. (See filing 19.) For the following reasons, I shall grant the defendants' motion.

## I.   BACKGROUND

The plaintiff is a resident of Lincoln, Nebraska, and a trustee of the Jane Audrey Beetz Family Trust (JABF Trust). (Compl., filing 1, ¶ 1.) Defendant Thomas Ambrosi is a resident of Newburyport, Massachusetts, where he works as a certified public accountant and financial advisor. (Id. ¶ 2.) Defendant Ambrosi, Donahue, Congdon & Co., P.C., is a Massachusetts company that provides accounting and financial advising services. (See id. ¶ 3.) Defendant Mae Bradshaw is a resident of North Hampton, New Hampshire, where she works as an attorney and mediator. (Id. ¶ 5.) Defendant Mae Bradshaw, P.C., is a New Hampshire company that provides legal and mediation services. (Id. ¶ 6.) Defendant Lindley Briggs is a resident of Newburyport, Massachusetts, and a trustee of the JABF Trust. (Id. ¶ 4.)

1

On or about February 20, 2007, the plaintiff filed a complaint against the defendants in the United States District Court for the District of Massachusetts ("the Massachusetts complaint"). (See Defs.' Index, filing 20, Ex. 1.)  The Massachusetts complaint contains several paragraphs of factual allegations, followed by a list of twelve "counts."  (See generally id.)  On March 26, 2007, the plaintiff filed the complaint in the instant action ("the Nebraska complaint"). (See filing 1.)  Aside from its allegations concerning venue, (see id. ¶ 8), the Nebraska complaint appears to be identical to the Massachusetts complaint, (compare Compl., filing 1, with Defs.' Index, filing 20, Ex. 1).  Both complaints allege that federal jurisdiction is based on the diversity of the parties' citizenship.  (See Compl., filing 1, ¶ 7 (citing 28 U.S.C. § 1332); Defs.' Index, filing 20, Ex. 1, ¶ 7 (citing 28 U.S.C. § 1332).)

In a memorandum and order dated July 17, 2007, the United States District Court for the District of Massachusetts concluded that, "[b]ecause the [Massachusetts] Complaint fails to comply with even the most minimal of pleading requirements, it will be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), unless within thirty (30) days an Amended Complaint is filed that conforms to the civil rules."  (Defs.' Index, filing 20, Ex. 2 at 4.)  In an order dated August 23, 2007, the court noted that the plaintiff failed to comply with the order of July 17, 2007, and dismissed the Massachusetts complaint with prejudice.  (See id., filing 20, Ex. 3; see also id., filing 20, Ex. 4.)  The plaintiff has submitted a copy of the docket report for the Massachusetts case, which reflects that on September 4, 2007, the plaintiff filed a notice of appeal of the order of dismissal.  (See Pl.'s Index, filing 25, Ex. 5 at 5.)

The defendants argue that the Nebraska complaint must be dismissed pursuant to the doctrine of res judicata.[1]  I agree.

---

[1]Res judicata is a defense typically raised in an answer, see Fed. R. Civ. P. 8(c), as opposed to a motion to dismiss, see Fed. R. Civ. P. 12(b).  I note, however, that courts have considered motions to dismiss that raise the defense of res judicata.  See, e.g., St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp., 377 F. Supp. 2d 719, 722 (D. Minn. 2005) (converting motion to dismiss counterclaim based on res judicata into motion for summary judgment); Witmer v. Bryan Lincoln General Hosp., No. 4:01cv3288, 2003 WL 367726, at *6, 7 (D. Neb. Feb. 20, 2003); Erickson v. Horing, No. 99-1468 JRT/FLN, 2001 WL 1640142, at *6 n.8 (D. Minn. Sept. 21, 2001) (citing cases).  In this case, the plaintiff and the defendants have submitted evidence "outside the pleading" for my consideration in connection with the instant

Res judicata, or claim preclusion, prevents parties from relitigating the same cause of action.  Wedow v. City of Kansas City, Missouri, 442 F.3d 661, 669 (8th Cir. 2006) (citing Lundquist v. Rice Mem'l Hosp., 238 F.3d 975, 977 (8th Cir. 2001)).  "[F]ederal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity," Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001), and federal common law incorporates the law of claim preclusion of the state in which the federal diversity court sits, id. at 508-09.  Thus, in this case, the preclusive effect of the order of dismissal that was issued by the United States District Court for the District of Massachusetts is governed by Massachusetts law.

The Supreme Judicial Court of Massachusetts has held that "[t]he invocation of claim preclusion requires three elements: '(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.'" Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 843, 832 N.E.2d 628, 634 (2005) (quoting DaLuz v. Dep't of Corr., 434 Mass. 40, 45, 746 N.E.2d 501 (2001)).  It is clear that each of these elements is satisfied in the present case.  First, the parties to the Massachusetts and Nebraska actions are identical.  (Compare Compl., filing 1, with Defs.' Index, filing 20, Ex. 1.)  Second, the basic facts and the causes of action alleged in the Massachusetts and Nebraska complaints are identical.  (Compare Compl., filing 1, with Defs.' Index, filing 20, Ex. 1.)  Finally, the United States District Court for the District of Massachusetts dismissed the Massachusetts complaint with prejudice for failure to state a claim upon which relief may be granted, (see Defs.' Index, filing 20, Ex. 2 at 4; id., Ex. 3; id., Ex. 4), which is a "prior final judgment on the merits" under Massachusetts law, see, e.g., Mestek, Inc. v. United Pacific Ins. Co., 40 Mass. App. Ct. 729, 731, 667 N.E.2d 292, 294 (App. Ct. 1996).  I note in passing that the fact that the plaintiff's appeal of this final judgment may yet be pending does not affect the judgment's finality for the purposes of res judicata.  Cf. Jarosz v. Palmer, 436 Mass. 526, 533-34, 766 N.E.2d 482, 489-90 (2002) (stressing the importance of the reviewability of the earlier decision when discussing finality for the purposes of issue preclusion); Tausevich v. Bd. of Appeals of Stoughton, 402 Mass. 146,

---

motion.  I have considered that evidence, and I shall therefore analyze the defendants' motion in accordance with the rules applicable to motions for summary judgment.  See Fed. R. Civ. P. 12(b) (citing Fed. R. Civ. P. 56).

148-49, 521 N.E.2d 385, 388 (1988) (suggesting that entry of a separate, appealable judgment dismissing an action forecloses relitigation of an issue); <u>Eight Arlington Street, LLC v. Arlington Land Acquisition-99, LLC</u>, 22 Mass. L. Rptr. 733, 2007 WL 2367753, at *6-7 (Mass. Super. 2007); Restatement (Second) of Judgments § 13 (1982).

In opposition to the defendants' motion, the plaintiff argues that the parties to the Massachusetts and Nebraska action are not identical because "Paul Beetz III, trustee, is not a party to the Massachusetts action." (Filing 24 at 2.) The plaintiff's argument is belied by the caption of the Massachusetts complaint. (<u>See</u> Defs.' Index, filing 20, Ex. 1 at 1. <u>See also</u> Compl., filing 1.)

Relatedly, the plaintiff seems to suggest that the parties to the Massachusetts and Nebraska actions are not identical because Beetz was dismissed from the Massachusetts action for failing to obtain counsel pursuant to that court's order of March 1, 2007. (<u>See</u> filing 24 at 2.) Presumably, the plaintiff's theory is that 1) he was dismissed from the action pursuant to the March 1 order, 2) this dismissal cannot be given preclusive effect, and 3) this dismissal caused him to be a nonparty to the final judgment on the merits, which renders res judicata inapplicable. I find, however, that the plaintiff's argument is contradicted by his own evidentiary materials. On March 1, 2007, the United States District Court for the District of Massachusetts ordered that "all claims asserted by Beetz in his capacity as Trustee will be dismissed unless within thirty (30) days of the date of this Order a Notice of Appearance for the Trust is filed by an attorney who is duly licensed to practice in this court." (Pl.'s Index, filing 25, Ex. 1 at 2.) Yet there is no evidence that the plaintiff failed to comply with this order or that "all claims asserted by Beetz in his capacity as Trustee" were dismissed pursuant to this order. On the contrary, the court's order of July 17, 2007, states, "The court notes that Beetz retained local counsel after the court held that he could not represent the trust pro se." (Pl.'s Index, filing 25, Ex. 2 at 4 n.5.) There is no genuine issue that the parties to the Massachusetts case are identical to those to the instant case.

The plaintiff also argues that, for various reasons, the order of dismissal entered by the United States District Court for the District of Massachusetts was erroneous. (<u>See</u> filing 24 at 3-4.) The fact remains, however, that the court's order constitutes a final judgment on the merits for the purposes of res judicata.

4

**IT IS ORDERED** that the defendants' joint motion to dismiss the complaint pursuant to the doctrine of res judicata, filing 19, is granted.  In all other respects, the defendants' motion is denied as moot.

Dated November 15, 2007.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

5