IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL BEETZ III, Individually, as Trustee of the, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3078 |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS AMBROSI, AMBROSI, | ) | MEMORANDUM AND ORDER ON |
| DONAHUE, CONGDON, & Co., P.C., | ) | PLAINTIFF'S MOTION TO ALTER OR |
| MAE BRADSHAW, MAE BRADSHAW, | ) | AMEND JUDGMENT |
| P.C., and LINDLEY BRIGGS, Individually, | ) | |
| and as Trustee of the, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On November 15, 2007, I granted the defendants' joint motion to dismiss the complaint and entered judgment against the plaintiff. (See filings 37, 38.) Citing several authorities, including Federal Rules of Civil Procedure 59, and 60, the plaintiff asks that I reconsider my decision and amend the judgment. (See filing 41 at 1.) For the following reasons, I shall deny the plaintiff's motion.

**I.   STANDARD OF REVIEW**

"A district court has broad discretion in determining whether to grant a [Fed.R.Civ.P. 59(e) ] motion to alter or amend judgment . . . ." Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting Global Network Techs., Inc. v. Regional Airport Auth., 122 F.3d 661, 665 (8th Cir.1997)). Rule 59(e) motions can be used to correct "manifest errors of law or fact" and to present newly discovered evidence; however, "[s]uch motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Innovative Home Health Care, Inc., 141 F.3d at 1286 (citation omitted).

1

A district court also "has wide discretion in ruling on a Rule 60(b) motion." <u>Jones v.</u> <u>Swanson</u>, 512 F.3d 1045, 1048 (8th Cir. 2008). Federal Rule of Civil Procedure 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." <u>United States v. Young</u>, 806 F.2d 805, 806 (8th Cir. 1986). In relevant part, the rule states,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4)  the judgment is void;
> (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).


## II.   ANALYSIS

The plaintiff's primary argument is that the order of dismissal issued by the United States District Court for the District of Massachusetts must not be given preclusive effect because the parties to the instant action are not identical to the parties to the Massachusetts action. (<u>See</u> filing 41 at 1-6.) It seems to me, however, that the plaintiff's argument was raised (or could have been raised) prior to the entry of judgment, which precludes relief under Rule 59. Nor has the plaintiff shown that exceptional circumstances warrant relief under Rule 60(b). Moreover, for the reasons explained in my Memorandum and Order of November 15, 2007, I remain convinced that the parties are, in fact, identical and that all of the elements of claim preclusion have been satisfied. (<u>See generally</u> filing 37.)[1]

_____

[1]In my memorandum of November 15, 2007, I noted that "[o]n March 1, 2007, the United States District Court for the District of Massachusetts ordered that 'all claims asserted by Beetz in his capacity as Trustee will be dismissed unless within thirty (30) days . . . a Notice of

The plaintiff presents a number of additional arguments in his motion and brief.  (See generally filings 41-42.)  I have reviewed these arguments, and I am left unpersuaded that reconsideration of my memorandum and order of November 15, 2007, is warranted.

**IT IS ORDERED** that the plaintiff's motion to alter or amend the judgment, filing 41, is denied.

Dated April 8, 2008.

BY THE COURT

s/  Warren K. Urbom
United States Senior District Judge

---

Appearance for the Trust is filed by an attorney who is duly licensed to practice in this court.'" (Filing 37 at 4 (citation omitted).)   I found that "there is no evidence that the plaintiff failed to comply with this order or that 'all claims asserted by Beetz in his capacity as Trustee' were dismissed pursuant to this order."  (Id.)  In his motion to alter or amend the judgment, the plaintiff argues that he did in fact fail to comply with the court's order of March 1, 2007, because "no attorney appeared for the trustee within 30 days."  (Filing 41 at 2.)  I accept that the plaintiff has now shown that, contrary to my previous finding, there is evidence that he failed to comply with the order.  The plaintiff has not shown, however, that my alternate finding–i.e., that there is no evidence that "'all claims asserted by Beetz in his capacity as Trustee' were dismissed" in accordance with the March 1 order–is erroneous.  In any event, it is plain that the parties to the Massachusetts and Nebraska cases are identical, the facts and causes of action alleged in each case are identical, and a single order dismissing all of the plaintiff's claims with prejudice was entered by the United States District Court for the District of Massachusetts.  Thus, all of the elements of claim preclusion are satisfied.  (See filing 37 at 3-4.)